IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM CHILIAN, § 
§ No. 12, 2019
Defendant/Counterclaim §
Plaintiff-Below, § Court Below—Court of Chancery
Appellant, § of the State of Delaware
§
v. § C.A. No. N18C-04-116
§
BRP HOLD OX, LLC and §
TDBBS, LLC, §
§
Plaintiffs/Counterclaim §
Defendants-Below, §
Appellees. §

Submitted: January 14, 2019
Decided: February 25, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

After considering the notice and supplemental notice of appeal from interlocutory orders under Supreme Court Rule 42, it appears to the Court that:

(1) This interlocutory appeal arises from a Superior Court order, dated October 31, 2018, dismissing William Chilian's counterclaims against BRP Hold OX, LLC and TDBBS, LLC (collectively, "BRP"),[1] and a Superior Court order, dated December 6, 2018, denying Chilian's motion for reargument.[2] After BRP sued

---

[1] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 5734648 (Del. Super. Ct. Oct. 31, 2018).
[2] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978 (Del. Super. Ct. Dec. 6, 2018).

Chilian, a former member and executive, for breaching his non-compete obligations, Chilian filed counterclaims against BRP for tortious interference with his employment, malicious prosecution, abuse of process, and a declaratory judgment. The Superior Court held that the absolute litigation privilege barred the tortious interference claim, Chilian failed to meet all of the requirements for a malicious prosecution claim, Chilian failed to state a claim for abuse of process, and the declaratory judgment claim was unnecessary as it would be resolved by BRP's claims.[3]

(2)     On December 17, 2018, Chilian filed an application for certification of an interlocutory appeal. Chilian argued that the Superior Court decision conflicted with a Court of Chancery decision, *Soterion Corp. v. Soteria Mezzanine Corp.*,[4] and an interlocutory appeal would serve the considerations of justice because Chilian deserved to have his day in court for the harm he suffered as a result of BRP's actions. BRP opposed the application.

(3)     On January 14, 2019, the Superior Court denied the application for certification.[5] Applying the Rule 42 criteria, the Superior Court found that the decision was not in conflict with *Soterion*.[6] As to Chilian's contention that

---

[3] *BRP*, 2018 WL 5734648, at *2-7.
[4] 2012 WL 5378251 (Del. Ch. 2012).
[5] *BRP Hold Ox, LLC v. Chilian*, 2019 WL 181500 (Del. Super. Ct. Jan. 14, 2019).
[6] *Id.* at *2.

interlocutory review would serve the considerations of justice, the Superior Court found that Chilian would have the opportunity to defend himself against BRP's claims.[7] The Superior Court held it was not clear the benefits of interlocutory review outweighed the probable costs and that Chilian had failed to demonstrate interlocutory review was in the interests of justice.[8]

(4)     Applications for interlocutory review are addressed to the sound discretion of the Court.[9] We defer to the Superior Court's well-stated balancing of the relevant considerations. As the Superior Court found, the tension between its ruling and that of the Court of Chancery in *Soterion* is not as stark as the appellant portrays, and can be viewed as primarily involving their different factual circumstances, not a difference in law. More important to us, the trial judge is best positioned to assess whether the costs of an interlocutory review justify the inefficiency of departing from the usual approach of presenting all appellate issues at one time after a final order has been entered. We defer to his view that he lacked confidence that interlocutory review would have more benefit than cost.

---

[7] *Id.* at *3.
[8] *Id.*
[9] Supr. Ct. R. 42(d)(v).

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice